IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JPMORGAN CHASE BANK, N.A, | ) | |
| | ) | Case No. |
| Plaintiff, | ) | |
| | ) | |
| -against- | ) | |
| | ) | |
| FRANCIS GATES, Individually and as the | ) | |
| Administrator of the Estate of Olin Eugene | ) | |
| "Jack" Armstrong, ESTATE OF JACK | ) | |
| ARMSTRONG, PATI HENSLEY, | ) | |
| Individually and as the Representative of the | ) | |
| the Estate of Jack Hensley, ESTATE OF | ) | |
| JACK HENSLEY, SARA HENSLEY, JAN | ) | |
| SMITH, PATRICK SCOTT BAKER, | ) | |
| JERRY BAKER, LOIS BAKER, ESTATE | ) | |
| OF DAVID BAKER, CRAIG BAKER, | ) | |
| Individually and as the Personal | ) | |
| Representative of the Estate of David Baker, | ) | |
| STACIE BAKER, SCARLETT | ) | |
| ROGENKAMP, ESTATE OF HETTY E. | ) | |
| PETERSON, PATRICIA A. HENRY, | ) | |
| Individually and as the Substitute Executrix | ) | |
| And Successor in Interest of the Estate of | ) | |
| Scarlett Rogenkamp and as the Executrix of | ) | |
| the Estate of Hetty E. Peterson, ESTATE OF | ) | |
| VERNON W. PETERSON, VALERIE | ) | |
| PETERSON, as Executor of the Estate of | ) | |
| Vernon W. Peterson, KATHARINE D. | ) | |
| DORIS, PAUL G. PETERSON, | ) | |
| MICHELLE Y. HOLBROOK, JACKIE | ) | |
| NINK PFLUG, RYLMA NINK, EUGENE | ) | |
| NINK, GLORIA NINK, MARY NINK, and | ) | |
| SCOTT PFLUG, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT IN INTERPLEADER**
**OF PLAINTIFF JPMORGAN CHASE BANK, N.A.**

11912\00443\1134860.1

Plaintiff JPMorgan Chase Bank, N.A. (hereinafter "JPMCB"), by its attorney, Edward J. Lesniak of the law firm of Burke, Warren, MacKay & Serritella, P.C., as its complaint, states as follows:

1.　　This action is brought by JPMCB pursuant to Rule 22 of the Federal Rules of Civil Procedure ("FRCP"), 28 U.S.C. §§ 1335 and 2361 and 735 ILCS 5/2-409 to obtain a determination of the rights of the defendants in certain blocked funds that are being held by JPMCB pursuant to Presidential Executive Orders (the "Orders") relating to the Syrian Arab Republic (the "SAR") or pursuant to the Syrian Sanctions Regulations, 31 C.F.R. Part 542 (The "SSRs"). The funds being held by JPMCB include the proceeds of an international wire transfer for which JPMCB was designated to serve as an intermediary bank, but that was blocked by JPMCB because one or more of the parties to the wire transfer appeared to be subject to blocking sanctions under the Orders or the SSRs. JPMCB is also holding funds in a blocked deposit account established by an entity that appears to be subject to blocking sanctions under the Orders or the SSRs. The defendants include two groups of purported judgment creditors of the SAR, each of whom have commenced legal proceedings against JPMCB and/or served it with a writ of execution with respect to the funds in question. These defendants have claimed or are likely to claim that those funds should be turned over to them to satisfy their judgments against the SAR, and each group has claimed that it has priority over the other. The other defendants, who are parties to the wire transfer or the account holder of the deposit account, may have grounds to claim that the funds in question belong to them and should not be turned over to satisfy any judgment against the SAR. JPMCB is thus confronted with the imminent prospect of competing claims by the defendants to the funds in question, and it needs relief in the nature of interpleader to protect it from the risk of double or multiple liability and inconsistent determinations.

## The Parties

2. Plaintiff JPMCB is a national banking association organized and existing under the laws of the United States of America, with its main office (as set forth in its Articles of Association) in the State of Ohio, that has offices and branches in the Northern District of Illinois.

3. Upon information and belief, defendants Francis Gates (sued individually and as administrator of the estate of Olin Eugene "Jack" Armstrong), Estate of Jack Armstrong, Pati Hensley (sued individually and as representative of the Estate of Jack Hensley), Estate of Jack Hensley, Sara Hensley and Jan Smith (the "Gates Judgment Creditors") were plaintiffs in an action entitled *Gates v. Syrian Arab Republic*, Case No. CA 06-1500 (RMC), that was brought in the United States District Court for the District of Columbia. The Gates Judgment Creditors have purportedly recovered a judgment against the SAR in that action in the amount of $412,909,587. Upon information and belief, defendants Francis Gates and Jan Smith are citizens of the State of Michigan and defendants Pati Hensley and Sara Hensley are citizens of the State of Georgia.

4. Upon information and belief, defendants Patrick Scott Baker, Jerry Baker, Lois Baker, Estate of David Baker, Craig Baker (sued individually and as the personal representative of the Estate of David Baker), Stacie Baker, Scarlett Rogenkamp, Estate of Hetty E. Peterson, Patricia A. Henry (sued individually and as the substitute executrix and successor in interest of the Estate of Scarlett Rogenkamp and as the executrix of the Estate of Hetty E. Peterson), Estate of Vernon W. Peterson, Valerie Peterson (sued as executor of the Estate of Vernon W. Peterson), Katharine D. Doris, Paul G. Peterson, Michelle Y. Holbrook, Jackie Nink Pflug, Rylma Nink, Eugene Nink, Gloria Nink, Mary Nink and Scott Pflug (the "Baker Judgment Creditors") were

plaintiffs in an action entitled *Baker v. Great Socialist People's Libyan Arab Jamahirya*, Case No. 03-cv-0749 (JMF), that was brought in the United States District Court for the District of Columbia. The Baker Judgment Creditors have purportedly recovered a judgment against the SAR, the Syrian Air Force and General Muhammed al-Khouri in that action in the amount of $601,969,151.50. Upon information and belief, the Baker Judgment Creditors are citizens of the states of Washington, Virginia, Arizona, Minnesota and Texas.

## Jurisdiction and Venue

5. This Court has subject matter jurisdiction over this proceeding (a) pursuant to 28 U.S.C § 1331, because it arises under the laws and treaties of the United States, in particular the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. §§ 1602 et seq. (the "FSIA"), and the Terrorism Risk Insurance Act of 2002, Pub. L. No. 107-297, 116 Stat. 2322 (2002) ("TRIA"); (b) pursuant to 28 U.S.C § 1332, because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states, in which citizens or subjects of a foreign state are additional parties; (c) pursuant to 28 U.S.C § 1335, because JPMCB is holding money of the value of $500 or more and two or more adverse claimants of diverse citizenship are claiming or may claim to be entitled to such money; (d) pursuant to 12 U.S.C. § 632, because JPMCB is a corporation organized under the laws of the United States and this proceeding arises out of transactions involving international or foreign banking or other international or foreign financial operations; and (e) pursuant to 28 U.S.C. §1330, with respect to third-party defendants that are a foreign state or a subdivision or agency or instrumentality of a foreign state, based on service upon such third-party defendants under FSIA § 1608.

6. Upon information and belief, venue of this proceeding is properly set in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims, including the filing of the Gates Judgment Creditors' and the Baker Judgment Creditors' judgments with this Court, the filing of the Gates Judgment Creditors' third-party citation proceeding and the Baker Judgment Creditors' amended garnishment summons with this Court and the filing of the Gates Judgment Creditors' turnover motions in this Court, took place here and many of the Defendants are aliens.

### The Underlying Facts

7. On or about August 24, 2011, JPMCB, which was acting as an intermediary bank, blocked a wire transfer (the "Wire Transfer"). JPMCB was not able to complete the Wire Transfer because it appeared that certain parties to the wire transfer were subject to United States blocking sanctions under the Orders or the SSRs. JPMCB is holding the proceeds of the Wire Transfer in a blocked account.

8. On or about August 29, 2011, JPMCB also blocked a deposit account (the "Deposit Account"), because it appeared to JPMCB that a certain entity might be subject to United States blocking sanctions under the Orders or the SSRs.

9. On or about December 8, 2011, the Gates Judgment Plaintiffs issued a Third-Party Citation to Discover Assets to JPMCB in the case entitled *Gates v. Syrian Arab Republic*, 11 CV 8715 (the "*Gates* Case"), which was and is pending in the United States District Court for the Northern District of Illinois (the "Court"). On or about January 17, 2012, JPMCB filed an answer to the Third Party Citation and disclosed to the Gates Judgment Creditors that it was holding various amounts, including the proceeds of the Wire Transfer and the balance in the CBS Deposit Account, in accounts that are blocked pursuant to the Orders or the SSRs.

10. On or about February 6, 2012 the Gates Judgment Creditors filed a turnover motion (the "First Gates Turnover Motion") in the *Gates* Case, directed solely to JPMCB, seeking the turnover of the balance in an account held by JPMCB that had been opened by AT&T to hold funds that were, upon information and belief, believed by AT&T to be subject to blocking under the Orders or the SSRs. The motion was based on TRIA § 201 and FSIA § 1610(g), which allegedly entitled the Gates Judgment Creditors to execute on blocked funds belonging to agencies or instrumentalities of the SAR in order to satisfy a judgment against the SAR. On or about March 7, 2012, the Court denied this turnover motion on the ground that the relief sought could not be granted on a turnover motion addressed solely to JPMCB.

11. On February 22, 2012, the Gates Judgment Creditors filed another turnover motion (the "Second Gates Turnover Motion") in the *Gates* Case, directed solely to JPMCB, seeking the turnover of the proceeds of the Wire Transfer and the balance in the Deposit Account (hereinafter those proceeds and that balance will be referred to collectively as the "Contested Assets"). This motion was also based on TRIA § 201 and FSIA § 1610(g). The Court denied this motion on March 9 on the same grounds that it had denied the First Gates Turnover Motion, but the Gates Judgment Creditors then moved on March 14, 2012 for reconsideration of this ruling, and on March 15 the Court agreed to reconsider its ruling and set a briefing schedule for the motion.

12. On February 29, 2012, meanwhile, the Gates Judgment Creditors made a motion directed to AT&T for turnover of, inter alia, the same funds and indebtedness involved in the First Gates Turnover Motion. That motion is still pending.

13. On or about January 5, 2012, the Baker Judgment Creditors filed an Amended Garnishment Summons addressed to JPMCB in the case entitled *Baker v. Syrian Arab Republic*,

11 CV 8913 (the "*Baker* Case"), which had been commenced in December 2011 and is still pending in this Court. On March 9, 2012, JPMCB filed an answer to the Amended Garnishment Summons and disclosed to the Baker Judgment Creditors that it was holding money, including the Contested Assets, in accounts that are blocked pursuant to the Orders or the SSRs.

14. On February 9, 2012, the Baker Judgment Creditors made a motion in the Baker case for the turnover to them of assets held by JPMCB in a third-party account that was not specifically identified. This motion is still pending.

15. On February 13, 2012 the Baker Judgment Creditors moved to intervene in the *Gates* Case, and on February 15 the Court granted permissive intervention. On February 22 the Baker Judgment Creditors filed a memorandum in the *Gates* Case that took the position that the Gates Judgment Creditors' Third-Party Citation addressed to JPMCB was void and should be vacated and that the Court should declare that the Baker Judgment Creditors had a first priority interest, superior to the interest of the Gates Judgment Creditors, in what the memorandum referred to as the "Syrian Assets held by [JPMCB]." In its decision denying the First Gates Turnover Motion, the Court rejected these contentions and ruled that the Gates Judgment Creditors had priority in the enforcement of their judgment against the SAR over the Baker Judgment Creditors' right to enforce their judgment. The Baker Judgment Creditors moved for leave to take an interlocutory appeal from this decision pursuant to 28 U.S.C. § 1292(b), and their motion for leave to appeal was granted by the Court on March 15, 2012.

16. On or about February 27, 2012, JPMCB was served in the State of New York, by the United States Marshal's Service for the Southern District of New York (the "Marshal"), with a writ of execution obtained by the Baker Judgment Creditors in New York that demanded that JPMCB turn over to the Marshal, for delivery to the Baker Judgment Creditors, any and all

property held by JPMCB for the SAR, in an amount sufficient to satisfy Baker Judgment Creditors' judgment against the SAR.

17. On March 23, 2012, the Baker Judgment Creditors filed a memorandum in the *Gates* Case in response to the Second Gates Turnover Motion. In this memorandum the Baker Judgment Creditors renewed their arguments that the Gates Judgment Creditors' Third-Party Citation addressed to JPMCB was void and that they were entitled to priority in enforcing their judgment against the SAR with respect to any "Syrian assets," apparently including the Contested Assets, held by JPMCB.

18. Upon information and belief, the Baker Judgment Creditors intend to take and will continue to take further steps to execute on and seize the Contested Assets.

19. Upon information and belief, one or more certain entities have an interest in and rights in the proceeds of the Wire Transfer, and their interest and rights in or claims to those proceeds may take priority, under FSIA § 1611(b)(1), Article 4-A of the Uniform Commercial Code or otherwise, over the rights of the Gates Judgment Creditors and Baker Judgment Creditors to execute on those proceeds.

20. Upon information and belief, a certain entity has an interest in and rights in the balance in the Deposit Account, and its interest and rights in or claims to those funds may take priority, under FSIA § 1611(b)(1) or otherwise, over the rights of the Gates Judgment Creditors and Baker Judgment Creditors to execute on those funds.

21. By reason of the foregoing, JPMCB is subject to competing claims to the Contested Assets and is faced with a substantial risk of double or multiple liability or inconsistent rulings of different courts in Illinois and New York State with respect to those proceeds and funds.

First Claim for Relief

22. Repeats and realleges each and every allegation set forth in paragraphs 1 through 25 of this Complaint to the same extent as if those allegations were set forth here in full.

23. As set forth above, the Gates Judgment Creditors and the Baker Judgment Creditors are both attempting to seize the Contested Assets to satisfy their judgments against Iran, but some or all of the other defendants may have claims to or rights in some or all of the Contested Assets that may take priority over the claims of the Gates Judgment Creditors and the Baker Judgment Creditors or may be able to establish that Gates Judgment Creditors and the Baker Judgment Creditors are not entitled to execute on some or all of the Contested Assets.

24. By reason of the foregoing, JPMCB is exposed to the risk of double or multiple liability and inconsistent rulings with respect to the Contested Assets.

25. The Contested Assets are being held by JPMCB in blocked accounts that are subject to the Orders and/or the SSRs, and so JPMCB is not able to pay the Contested Assets into the Registry of the Court, because funds in accounts subject to the Orders or the SSRs cannot be released or disbursed otherwise than pursuant to a license issued by the Office of Foreign Assets Control of the United States Treasury Department or pursuant to an order of the Court directing the turnover of such funds to judgment creditors of the SAR. For this reason JPMCB should be excused from any obligation to pay the Contested Assets into the Registry of the Court in connection with this action for interpleader relief and should be required to post no bond or only a de minimis bond payable to the Clerk of the Court.

26. In these circumstances JPMCB is entitled to interplead all parties who may have claims to or rights in the Contested Assets and obtain a determination by the Court, pursuant to Rule 22 of the FRCP, 28 U.S.C. §§ 1335 and 2361 and 735 ILCS 5/2-409, of the rights of the

defendants and all interested parties with respect thereto and an order discharging it from liability to all such persons in the event that it is ordered to turn over any of the Contested Assets to a judgment creditor of the SAR.

### Second Claim for Relief

27. Repeats and realleges each and every allegation set forth in paragraphs 1 through 30 of this Complaint to the same extent as if those allegations were set forth here in full.

28. By reason of the foregoing, JPMCB is entitled to injunctive relief, pursuant to 28 U.S.C. § 2361 and this Court's inherent powers, enjoining the defendants from instituting or prosecuting any proceeding in any court of any state or the United States other than this Court affecting the Contested Assets until further order of the Court.

### Third Claim for Relief

29. Repeats and realleges each and every allegation set forth in paragraphs 1 through 32 of this Complaint to the same extent as if those allegations were set forth here in full.

30. By reason of the foregoing, JPMCB is entitled to a declaratory judgment determining its rights and the rights of the defendants and all interested parties with respect to the Contested Assets.

WHEREFORE Plaintiff JPMorgan Chase & Co. respectfully requests the entry of a judgment

(1) determining its rights and the rights of the defendants and all interested parties in the Contested Assets;

(2) determining whether any of the defendants is an agency or instrumentality of the SAR;

(3) determining with respect to each of the Contested Assets whether the Gates Judgment Creditors or the Baker Judgment Creditors have met their burden of proof with respect to all of the requirements and conditions for obtaining relief pursuant to section 201 of TRIA or section 1610(g) of the FSIA for execution against any of the Contested Assets;

(4) determining whether JPMorgan Chase Bank, N.A. is a proper garnishee and has properly been subjected to execution of any judgment against the SAR in favor of the Gates Judgment Creditors or the Baker Judgment Creditors with respect to any of the Contested Assets;

(5) determining whether and to what extent, if any, each of the Contested Assets is subject to execution to satisfy any judgment entered heretofore or hereafter in favor of the Gates Judgment Creditors or the Baker Judgment Creditors against the SAR and the extent to which any person is entitled to the turnover of such assets;

(6) discharging JPMorgan Chase Bank, N.A. from any and all liability to the Gates Judgment Creditors, the Baker Judgment Creditors, the other defendants and any and all other claimants and interested persons with respect to any of the Contested Assets that it may be ordered to turn over to any person in order to satisfy any judgment against the SAR;

(7) granting injunctive relief to JPMorgan Chase Bank, N.A. against the defendants and other persons to the extent necessary to protect JPMorgan Chase Bank, N.A. from the risk of double or multiple liability or inconsistent rulings of different courts and the burden of having to litigate competing claims to the Contested Assets in different courts;

(8) awarding to JPMorgan Chase Bank, N.A. its costs and expenses in this proceeding, including reasonable attorneys' fees; and

(9) awarding to JPMorgan Chase Bank, N.A. such other and further relief as may be just and proper.

JPMorgan Chase Bank will also request, by separate motion, a partial sealing order that will permit JPMorgan Chase Bank, N.A. to immediately file an amended complaint that adds certain additional parties and certain additional information about the Wire Transfer and the Deposit Account, but with the additional parties and additional information redacted for reasons that will be detailed in the motion for partial sealing order.

Dated: April 23, 2012

                JPMORGAN CHASE BANK, N.A.,
                Plaintiff

                By: /s/ Edward J. Lesniak
                Burke, Warren, MacKay &Serritella, P.C.
                330 N. Wabash Avenue, 22nd Floor
                Chicago, IL 60611-3607
                (312) 840-7000 (telephone)
                E-mail: elesniak@burkelaw.com